IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00181-MSK-MEH

FRANK SCHIMPF and
S & R COMPOST SERVICE, INC.,

      Plaintiffs,

v.

STEVEN SPEAS,
DEBORAH SPEAS, and
MOUNTAIN STRUCTURES, INC.,

      Defendants.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

THIS MATTER comes before the Court on Defendant Deborah Speas' Motion for

Summary Judgment **(#34)** and supporting brief **(#35)**, to which the Plaintiffs responded **(#40)** and

Ms. Speas replied **(#41)**.  Also before the Court is the Plaintiffs' motion **(#39)** asking the Court to

reconsider its denial **(#38)** of their request for an extension of time to respond to the summary

judgment motion.  Having considered the same, and the documentary exhibits submitted by the

parties, the Court finds and concludes as follows.

### I.  Jurisdiction

For purposes of determining the pending motions, the Court exercises subject matter

jurisdiction pursuant to 28 U.S.C. § 1332.

## II.  Issue Presented

The Plaintiffs, Frank Schimpf and S & R Compost Service, Inc. assert three claims against the Defendants, Steven Speas, Deborah Speas, and Mountain Structures, Inc.[1]  The claims arise from an alleged joint venture between the Plaintiffs and the Defendants to construct a residence in Silverthorne, Colorado.  Claim 1 alleges the breach of several contracts entered into between Mr. Speas and the Plaintiffs.  Claim 2 alleges the breach, by all Defendants, of a joint venture agreement entered into between all of the parties.  Claim 3 alleges the breach of a fiduciary duty by all Defendants, premised upon the alleged conversion of construction funds to their personal use and upon the alleged failure to complete construction on the project in a timely and workmanlike manner.

Ms. Speas moves for summary judgment on the claims asserted against her, which are Claims 2 and 3.  The issue presented is whether a trial is required on either claim.

## III.  Material Facts

Based upon the evidence submitted, which the Court construes most favorably to the Plaintiffs, the Court finds for purposes of this motion that:

1.      Plaintiff Frank Schimpf and Defendant Steven Speas entered into a joint venture agreement on or about July 25, 2001.

2.      The purpose of the joint venture agreement was to construct and sell a residence in Silverthorne, Colorado.

3.      According to his affidavit, Mr. Schimpf believes that Defendant Deborah Speas

---

[1] To the extent practicable, the Court refers to each party by name.  Otherwise, the Court refers to the parties as either "the Plaintiffs" or "the Defendants."

joined the joint venture in early 2002.  He premises such belief upon the following: (a) starting in early 2002, Mr. Schimpf began forwarding funds to Ms. Speas for her to disburse to contractors and to purchase supplies for the Silverthorne residence; (b) Ms. Speas "handled banking matters, contractor payment and management of the Silverthorne residence budget;" (c) Ms. Speas "managed the scheduling of contractors and Silverthorne residence quality control;"(d) Ms. Speas provided him with contractor and building status updates; (e) Ms. Speas controlled Mr. Speas' work schedule; (f) Ms. Speas told Mr. Schimpf that she was pooling her assets with those of Mr. Speas in order to invest in the joint venture, and "intended to get her money back plus profits when the Silverthorne residence was sold;" and (g) Ms. Speas told Mr. Schimpf of the efforts she was making to cut construction costs in order to increase the profits of the joint venturers.

4.      Mr. Schimpf states in his affidavit that he suffered extensive monetary damages because Ms. Speas misused the joint venture capital, mismanaged the building site, and abandoned the uncompleted Silverthorne residence.

### IV.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual

3

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## V.  Analysis

Claim 2 alleges the breach of a joint venture agreement. To establish a *prima facie* breach of contract claim, a plaintiff must produce sufficient, competent evidence that: (1) there was a

contract; (2) the plaintiff performed its obligations under the contract or has a justification for nonperformance; (3) the defendant failed to perform its contractual obligations; and (4) damages resulted. *See Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Ms. Speas contends that the Plaintiffs cannot produce evidence to establish element 1, in specific, that she was a party to a joint venture agreement. She asserts that such agreement was only between her husband (Mr. Speas) and Mr. Schimpf. The Plaintiffs contend that Ms. Speas, through her actions and statements, entered into the joint venture agreement.

Under Colorado law, which governs the Plaintiffs' claims, a joint venture is a partnership formed for a limited purpose. *See A.B. Hirschfeld Press, Inc. v. Weston Group, Inc.,* 824 P.2d 44, 46 (Colo. App. 1991). It can be express or implied, and created either with, or without, a written agreement. *Id.* A joint venture agreement exists when there is a joint interest in property, an agreement to share in the profits and losses of the joint venture, and actions or conduct showing cooperation in the project. *Id.*

Here, the Plaintiffs have made a *prima facie* showing that Ms. Speas entered into a joint venture agreement. Mr. Schimpf states in his affidavit that Ms. Speas pooled her assets with those of Mr. Speas and invested them into the Silverthorne residence project, that she planned to share in the profits generated by the project, and that she managed the venture's assets and scaled back on its costs. These facts, if true, would demonstrate that Ms. Speas had an interest in the Silverthorne residence project, agreed to share in the profits of the project, and took actions showing her cooperation in the project. Thus, a trial is required on the breach of contract claim. Because the facts in support of Claim 2 overlap the facts in support of Claim 3, the Court, in

exercise of its discretion, declines to address Ms. Speas' arguments with regard to Claim 3.

**IT IS THEREFORE ORDERED** that Defendant Deborah Speas' Motion for Summary

Judgment (**#34**) is **DENIED**.  The Plaintiffs' motion (**#39**) for reconsideration is **DENIED**, as

moot.

Dated this 2nd day of March, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge